# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO

**GEORGE "KEVIN" QUINN**　　　　　　　　　　　　　　　　　　　　　　　　**PLAINTIFF**

**v.**　　　　　　　　　　　　　　　　　　　　**CIVIL ACTION NO. 4:08CV-100-M**

**CITY OF OWENSBORO, KENTUCKY** *et al.*　　　　　　　　　　　　　　　**DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff, George "Kevin" Quinn, filed a *pro se* complaint against the City of Owensboro, Kentucky, Holly Jackson, Christie Robinson, and Branson Hart. This matter is before the Court on preliminary review of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, Plaintiff's claim against the City of Owensboro will be dismissed. The Court will allow Plaintiff's claims under 42 U.S.C. § 1983 against Defendants Jackson, Robinson, and Hart for monetary damages to proceed for further development.

### I. SUMMARY OF CLAIMS

Plaintiff used a court-supplied general complaint form to initiate this lawsuit. Plaintiff identifies the City of Owensboro and Holly Jackson, Christie Robinson, and Branson Hart of D.C.B.S., or the Department of Community Based Services, as Defendants. Under the section of the form directing Plaintiff to state the grounds for filing his case in federal court (including any federal statutes and/or U.S. Constitutional provisions), Plaintiff states: "(1) Kidnapping" and "(2) abusing a disabled person." Plaintiff explains the basis of his suit as follows:

> On July 30, 2007, Holly Jackson made up allegations of child neglect and dependency and had Judge David Payne remove my son from my custody. She lied at the trial and with Christie Robinson who for years has reported false allegations against me

> to the O.P.D. and Daviess County District Courts. Judge Joe Castlin ordered a investigation in this case which is still ongoing. Branson Hart refuses to look at any of my evidence.

In his prayer for relief, Plaintiff demands that his child be returned to his custody, "$10,000,000 for damaging my sons [sic] tender years," $50,000 from Christie Robinson, $50,000 from Holly Jackson, and "[s]everal other wishes I don't want to list at this time."

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if the court determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations omitted; alteration in *Twombly*). In reviewing a complaint under this standard, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364 (1982) (per curiam), a plaintiff is required to plead more than bare legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir.1996); *see also Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987). Therefore, the complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972). The duty to be less stringent with *pro se* complaints, however, "'does not require a court to conjure allegations on a litigant's behalf,'" *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (quoting *Erwin v. Edwards*, 22 Fed. Appx. 579, 580 (6th Cir. 2001)), and the Court is not required to create a claim for the *pro se* plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

**A.     Kidnapping**

Plaintiff alleges "kidnapping" as grounds for filing this action. To the extent Plaintiff seeks to bring criminal charges against Defendants, the "[a]uthority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *Sahagian v. Dickey*, 646 F.

3

Supp. 1502, 1506 (W.D. Wis. 1986); *see also United States v. Nixon*, 418 U.S. 683, 693 (1974) ("Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."); *Williams v. Luttrell*, 99 Fed. Appx. 705, 707 (6th Cir. 2004) ("[A]s a private citizen, Williams has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts."); *Saro v. Brown*, 11 Fed. Appx. 387, 388 (6th Cir. 2001) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch."). Moreover, to the extent Plaintiff seeks civil remedies under any criminal statute, he has not cited any such statute which gives rise to a private civil cause of action. *See Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989); *Leach v. Manning*, 105 F. Supp. 2d 707, 717 (E.D. Mich. 2000).

Accordingly, Plaintiff's claim for kidnapping must be dismissed pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

**B.**     **42 U.S.C. § 1983**

Although not specified by Plaintiff, because he alleges abuse by a governmental entity and government employees, the Court construes this action as being brought under 42 U.S.C. § 1983. *Thomas v. Shipka*, 818 F.2d 496, 500 (6th Cir. 1987), *vacated and remanded on other grounds*, 488 U.S. 1036 (1989) ("[I]t is unnecessary and needlessly redundant to imply a cause of action arising directly under the Constitution where Congress has already provided a statutory remedy of equal effectiveness through which the plaintiff could have vindicated her constitutional rights.").

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. As such, it has two basic requirements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v.*

4

*Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

    **1.**    **City of Owensboro**

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that the plaintiff must demonstrate "deliberate conduct").

In the instant case, Plaintiff has not alleged that Defendants acted pursuant to a municipal policy or custom in causing his alleged harm. Plaintiff's complaint appears to be an isolated occurrence affecting only him. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). As nothing in the complaint demonstrates that Defendants' actions occurred as a result of a policy or custom implemented or endorsed by the City of

Owensboro, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim against it.

Moreover, "a municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy,* 38 F.3d at 286; *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-480 (1986)) (emphasis in original). Plaintiff identifies Defendants Jackson, Robinson, and Hart as employees of D.C.B.S., and not the City of Owensboro. However, to the extent Plaintiff seeks to hold the City of Owensboro liable for the actions of these individuals, a municipality cannot be liable under § 1983 for the actions of its employees in any event.

Accordingly, Plaintiff's claim against the City of Owensboro will be dismissed for failure to state a claim upon which relief may be granted.

**2.     Remaining defendants**

Plaintiff additionally sues Defendants Jackson, Robinson, and Hart, identifying them as employees of "D.C.B.S.," or the Department of Community Based Services, an agency of the Kentucky Cabinet for Health and Family Services. *See Barrett v. Benchmark Family Servs., Inc.*, No. 6:07-406-DCR, 2008 U.S. Dist. LEXIS 38961, 2008 WL 2050996, at *4 (E.D. Ky. May 12, 2008). He alleges Defendants Jackson and Robinson made false allegations and conspired to remove his son from his custody and that Defendant Hart failed to investigate his allegations.

Liberally reading the facts of the complaint, as the Court is required to do, the Court construes Plaintiff's claim as an alleged violation of the Fourteenth Amendment's protection against state interference in the parent-child relationship by employees of a state agency. Under the Fourteenth Amendment, "the parent-child relation gives rise to a liberty interest that a parent may not be deprived of absent due process of law." *Smith v. Williams-Ash*, 520 F.3d 596, 599 (6th Cir. 2008) (citing *Kottmyer v. Maas*, 436 F.3d 684, 689 (6th Cir. 2006)). "Notice and an opportunity to be heard are necessary before parental rights can be terminated." *Id.* (citing *Huyng Thi Anh v. Levi*, 586 F.2d 625, 632 (6th Cir. 1978)). Upon review, the Court will permit Plaintiff's claims against Defendants Jackson, Robinson, and Hart for monetary damages to proceed for further development. The Court passes no judgment on the ultimate outcome of these claims.

However, in his prayer for relief, Plaintiff demands that "my son [] be given back to my custody." Federal courts do not have the "power to issue divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). Such power is exclusively reserved to the state courts. Therefore, this Court does not have the authority to award custody of a child, and Plaintiff's claim for return of his son's custody will be dismissed.[1]

The Court will enter an Order consistent with this Memorandum Opinion.

---

[1] Plaintiff also demands "$10,000,000 for damaging my sons [sic] tender years." The Court recognizes that, in a civil rights action, "parents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002). However, Plaintiff filed a motion to appoint counsel, which is pending.

Date:

cc: Plaintiff Quinn, *pro se*
    Defendants
    Daviess County Attorney
4414.010